## NICHOLAS v. VENABLE et al.

*(Common Pleas of New York City and County, General Term.  December 5, 1892.)*

1. SALE—ACTION FOR PRICE—DELAY IN DELIVERY.
   Where goods ordered by defendants failed to arrive on the date stipulated, and they afterwards telegraphed the seller to go ahead, and ship the goods, which was done, defendants are estopped from setting up that the goods failed to arrive at the time stipulated as a defense to a suit to recover their value.

2. SAME—WAIVER OF DEFAULT.
   Where defendants set out in their answer an agreement between themselves and the seller, regarding the shipment of the goods, which does not show that acceptance was not to operate as a waiver of default of delivery, they cannot introduce evidence of such a fact.

Appeal from trial term.

Action for goods sold and delivered by George S. Nicholas, as assignee, against George W. Venable and Moses J. Heyman. From a judgment for plaintiff on a verdict directed by the court, and from an order denying a new trial, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*I. Albert Englehart*, for appellants.  *J. Hampden Dougherty*, for respondent.

PRYOR, J.  The plaintiff sues as assignee to recover the purchase price of goods sold and delivered to the defendants. The only answer to the action involved in the appeal is that by the contract of sale the goods were to be shipped "at the earliest possible time, so as to arrive before September 1, 1890;" that they were not so shipped, and did not so arrive; and this breach of agreement the defendants allege both in defense of the action and as a counterclaim for damages. But it appears without contradiction that on the 12th and 27th of September, 1890,—after the date when, according to the answer, the goods should have been delivered,—the defendants telegraphed the assignors to ship the goods; that, after the delivery of the goods, the defendants sent the assignors an acknowledgment of their receipt, expressed

satisfaction with them, and retained them without hint of objection to their tardy arrival; that on December 16th the defendants apprised the assignors that, "owing to the stringency of money and inability to place our commercial paper," they had become insolvent, and suggested a settlement of the claim. but without question as to its validity or amount; that again, on January 9, 1891, they wrote the assignors, "We have scheduled your claim at $2,638.70,"—covering its entire amount,—and solicited the assignors to unite with other creditors in a composition at 50 cents on the dollar. These offers being rejected, and the assignors driven to an action to collect their debt, the defendants for the first time interpose the objection that the goods were not delivered within the stipulated period. The fact that, after the alleged time of shipment and delivery had elapsed, the goods were sent at the special instance and request of the defendants, operated of itself as an estoppel against the defense of a belated delivery. At all events, that fact, coupled with the acceptance, approval, and retention of the goods, without objection as to the time of delivery, and with the negotiation for a compromise of the claim, proceeding on an express admission of its validity and amount, clearly and conclusively demonstrates a waiver of the right to defend the action on the ground that the goods were not delivered in conformity with the contract. Appellants argue, however, that for anything apparent they might have shown that by the contract they proposed, but were not permitted, to prove that an acceptance of the goods was not to operate as a waiver of default in delivery. But the waiver is founded, not alone on the acceptance, but, independently and conclusively, on the other facts recited as precluding the defense of no due delivery. Again, the answer is not a mere denial of the contract alleged by the plaintiff, but affirmatively avers another agreement between the parties, and of the agreement so averred it is not a term that acceptance shall not waive default in delivery. It follows, therefore, that the learned trial judge rightly rejected evidence,—if, indeed, it were tendered,—of a condition in the contract that acceptance of the goods should not operate a waiver of undue delivery, and rightly directed a verdict for the plaintiff. Further discussion of a case so plain both on the law and the facts would be but a useless expenditure of time and labor. Judgment affirmed, with costs.